OPINION
By HORNBECK, J.
The appeal in this case was noted as upon questions of law and fact, but upon oral presentation it was agreed by counsel that it should proceed as upon questions of law only.
Upon the facts presented by the record determination of the assigned errors becomes a matter of law.
The action is one for declaratory judgment and presents the question whether or not the plaintiff insurance company is liable to Jasper M. Boecher on a policy of insurance issued to Mrs. Florence Boecher, his wife, by the plaintiff insurance company.
The plaintiff averred that there were five grounds, the application of which precluded liability of the defendant under its policy. The trial Judge, to whom the case was submitted, made specific findings of fact and conclusions of law on all controverted questions, the issues having been made up by an answer filed by defendant Valley Public Service Company which at the time of the filing of the petition in this case had a pending suit against defendant Jasper M. Boecher for property damages which it claimed to have suffered by reason of a collision between defendant Jasper M. Boecher and one of its busses.
We have given careful consideration to the errors assigned and the briefs of the respective parties, and particularly the written opinion of the trial Judge, which is set forth in the briefs of both parties.
In our judgment, there is but one substantial question, presented by this appeal, namely, whether or not under the Drive Other Private' Passenger Automobile endorsement on the policy the automobile whicn defendant Jasper M. Boecher was driving at the time of the collision, '■out of which the claim against the plaintiff company arose, “was fur *554 nished for regular use” to Jasper M. Boecher.
The situation presented is novel. The automobile which defendant Boecher was driving at the time of the collision was owned by the Lynch Motor Car Company, the employer of Mr. Boecher. It was one of a number of cars owned by said Motor Car Company and held for sale as secondhand cars. Mr. Boecher and other salesmen for the company followed the practice of taking out any available car for the purpose of attempting to sell it. In following out this practice it is inferable that Boecher regularly, in the business of the company, used some automobile of said company which was held by them for sale. However, he had not operated the automobile which he was driving at the time of the collision, regularly. As a matter of fact he had not driven it at any time before the date of the collision.
If the term “furnished for regular use” as employed in th-e rider on the policy under consideration must be restricted to the extended or frequent use of the specific automobile insured by the rider, then, obviously, the car which Boecher was driving at the time of the collision was not furnished for regular use within the terms of the policy. We doubt if such restricted construction is áppropriate under the peculiar facts of this case. Upon the record it is undisputed that any automobile of the number of used cars regularly on hand for sale could have been used by Boecher for demonstration purposes, and likewise he was permitted to use any of these automobiles in making trips to and from his home at night, especially if he wanted to determine its running condition. He says he drove a car home “quite often”. This use was so frequent as to be termed regular use. The automobile which he was operating at the time of the collision was in the same category as any and all of the other used automobiles. He could have used it not only on the night he drove it to his home, but the next day or succeeding days, for demonstration purposes, or again and again to drive to his home. So that it must be said that this automobile was within the terms of the policy furnished for regular use to Boecher. We believe this would be true as to any automobile in the group of used cars, whether or not it was the first time that he was driving it, because, although he might not customarily or frequently drive any specific car in the group, each and all of these cars were furnished to him for his regular use, either in the business during the day or if he desired to drive home at night. ■
If there had been but one car for sale by the Lynch Company, it would not be contended that it was not furnished for the regular use of Boecher, its salesman. The same thing is true as to all the cars which they had for sale, among which was the car which Boecher was driving at the time of the collision.
We, therefore, hold that upon the facts appearing Boecher was not covered by the policy attached to the petition by reason of the exception from liability because the automobile which he was driving at the time of the collision with the Valley Public Service Company automobile was furnished to him, the insured, for regular use by his employer, the Lynch Motor Car Company.
One of the purposes of driving the car at the time of the collision was to determine its running condition. It was averred that it was being used by Boecher for demonstration purposes. There is *555 no support whatever for this claim and the trial judge held no issue was drawn whether or not it was being employed by Boecher for testing purposes, which condition was made the subject of exception from liability in the policy. This determination was technically correct.
The judgment will, therefore,' be reversed and judgment entered for plaintiff and cause remanded.
.GEIGER, PJ., and BARNES, J., concur.