STEPHEN DAVY

*v.*

MERCHANTS MUTUAL CASUALTY COMPANY *& a.*

*Hughes & Burns* and *Donald R. Bryant* (*Mr. Bryant* orally), for the petitioner.

*Devine & Millimet* (*Mr. Millimet* orally), for the petitionee insurance company.

*Ervin M. Dudley,* filed no brief.

KENISON, J. The endorsements to the insurance policies issued by the Merchants Mutual Casualty Company to the named insured, Dudley, extended coverage to the operation of any other automobiles by him subject to the following provision: "The insurance afforded by this paragraph applies only if no other valid and collectible insurance is available to such named insured, spouse, chauffeur or servant, either as an insured under a policy applicable with respect to the automobile or otherwise, against a loss covered hereunder." This limitation on the extended coverage is valid and expressly permitted by R. L., c. 122, s. 1 VII (b) which is stated in the following language: ". . . provided, however, the insurance afforded under this subparagraph (b) applies only if no other valid and collectible insurance is available to the insured." *Cf. American Mut. &c. Ins. Co.* v. *Company,* 87 N. H. 374. Since Dudley was clearly operating the Freeman automobile with consent and within the scope of his employment, he was covered by the policy issued by American Employers Insurance Company. R. L., c. 122, s. 16 VI; *Utica Mut. Ins. Co.* v. *Langevin,* 87 N. H. 267. This was valid and collectible insurance for Dudley and his liability was satisfied *pro tanto. Burke* v. *Burnham,* 97 N. H. 203; anno. 126 A. L. R. 1199. There being other valid and collectible insurance the injured party cannot recover the excess of $3,750 under the rule laid down in *American Employers Ins. Co.* v. *Insurance Co.,* 93 N. H. 101.

It is argued that this limitation on extended coverage cannot be relied upon in any event because of *Phoenix Indemnity Co.* v. *Conwell,* 94 N. H. 146. That case has no application to this situation because the Employer's policy furnished all the insurance required under the minimum limits of liability called for by the Financial Responsibility Act. R. L., c. 122, s. 1 VII; *Farm Bureau Ins. Co.* v. *Martin,* 97 N. H. 196.

The petitioner claims the Merchants' policy is liable to pay the $3,750 because of paragraph V of the insuring agreements. This paragraph extends coverage to Dudley, the named assured, "with respect to use of any other automobile by or in behalf of such named insured" and then provides in part that the insuring agreement does not apply "to any automobile . . . furnished for regular use to the named insured. . . ." Dudley was employed full time as a taxi driver and was one of three persons who operated two Chevrolets in the taxi business of his employer. While he was not

limited to the use of either automobile and did not operate the one involved in the accident any more than he operated the other automobile, either automobile was furnished for regular use to Dudley within the meaning of the exclusion to the insuring agreement. Anno. 173 A. L. R. 901, 904.

Certain other provisions of the policies have been emphasized by the petitioner as an additional basis for coverage and by the insurance company as an additional basis for establishing no coverage in this case. The conclusions already reached as well as the decision in *Am. Employers Ins. Co.* v. *Insurance Co.*, 93 N. H. 101, forecloses the former contentions and makes it unnecessary to consider the latter.

*Judgment for the defendant.*

All concurred.