Richard **BUCHHEIM** and Rosalie E.
McGrath, Administratrix of the Es-
state of John C. McGrath

v.

**FIREMEN'S INSURANCE COMPANY.**

**Civ. A. No. 5013.**

United States District Court
D. Vermont.

March 8, 1968.

Robert Rosenberg, Jr., Samuel H.
Rothman, and John J. Deschenes, Bur-
lington, Vt., for plaintiffs.

Wick, Dinse & Allen, Burlington, Vt.,
for defendant.

## STATEMENT OF THE CASE, FIND-INGS OF FACT, CONCLUSIONS OF LAW AND JUDGMENT ORDER

GIBSON, Chief Judge.

### STATEMENT OF THE CASE

This case is an action for a declaratory
judgment brought by Richard Buchheim,
of New York, plaintiff and Rosalie E.
McGrath, of Vermont, Administratrix of
the Estate of John C. McGrath, and
plaintiff, against the defendant, Fire-
men's Insurance Company, an insurance
company incorporated under the laws of
New Jersey. This action is brought to
determine whether Firemen's Insurance
Company has a duty to defend Richard
Buchheim in another pending action
brought against him in this Court by
Rosalie E. McGrath, as Administratrix
of the Estate of John C. McGrath.

The other action brought by Rosalie E.
McGrath as Administratrix alleges that
Richard Buchheim, on April 18, 1966,
while driving a 1960 Dodge sedan in the
City of Burlington, Vermont negligently
hit and ran down John C. McGrath and
thereby caused his wrongful death. The
car driven by Mr. Buchheim was owned
by Al-Martin Motors, Inc., an auto
dealer incorporated under the laws of
the State of Vermont. At the time of the
accident Al-Martin Motors was the in-
sured under a comprehensive business
policy with Firemen's Insurance Com-
pany and a part of this policy covered
liability incurred through the operation
of automobiles. The question presented

in this case is simply whether Mr. Richard Buchheim is an insured under the policy held by Al-Martin Motors with Firemen's Insurance Company.

Counsel for the plaintiffs point to certain terms of Al-Martin's policy to support their request to hold Firemen's under a duty to defend Buchheim. The theory, offered by Rosalie E. McGrath, is that under the terms of the policy held by Al-Martin Motors, Inc., Buchheim was an insured because the Dodge sedan had been furnished by Al-Martin for the regular use of Richard Buchheim. To support this theory the plaintiffs cite endorsement CBP 529, paragraph 1(4) which provides coverage to certain insureds as follows:

"With respect to an automobile to which the insurance applies under paragraph (b) of the Automobile Hazard, any person while using such automobile with the permission of the person or organization to whom such automobile is furnished, provided such person's actual operation or (if he is not operating) his other actual use thereof is within the scope of such permission."

Endorsement 506, Garage Liability contains the definition of Automobile Hazard paragraph (b) referred to in the foregoing. The initial declaration of this endorsement applies the full limits of the liability coverage of the policy to this hazard.

"Automobile hazard" includes

"(b) the ownership, maintenance or use of any automobile owned by the named insured in connection with garage operations while furnished for the use of * * * (ii) any other person or organization to whom the named insured furnished automobiles for their regular use."

The plaintiffs contend that these two sections provide coverage to Mr. Buchheim if (1) the car owned by Al-Martin Motors was furnished for Mr. Buchheim's regular use and (2) the use of the auto was with the permission of Al-

Martin Motors and was within the scope of such permission.

As to this theory the defendant makes a factual objection saying in effect that the car in question was not furnished for the regular use of Mr. Buchheim and if so his use thereof was without the scope of permission given by Al-Martin Motors, Inc. Evidence was received on this point with the defendant drawing the Court's attention to the provisions of CBP 529, 1(3) (b) which provide coverage "to any other person, but only if no other valid and collectible automobile liability insurance, either primary or excess, with limits of liability at least equal to the minimum limits specified by the financial responsibility law of the state in which the automobile is principally garaged is available to such person." The defendant contends that if Richard Buchheim was not afforded coverage on the grounds that he was not furnished regular use of the auto, then he was "any other person" referred to above. Because he had his own liability policy at the time of the accident, the defense contends that he is not covered by the Firemen's policy. The effect of the above provision is to limit the coverage provided those to whom Al-Martin loaned cars for other than the borrower's regular use (in other words, to occasional users). In such a case, "occasional" borrower would only be covered when he did not have his own liability insurance at least equal to the minimum of the state financial responsibility law.

## FINDINGS OF FACT

1. The Court finds that Richard Buchheim is a citizen of New York, that Rosalie E. McGrath, Administratrix of the Estate of John C. McGrath, is a resident of Vermont, and that Firemen's Insurance Company is a corporation existing under the laws of New Jersey. The Court finds that there is diversity present.

2. The Court finds that Al-Martin Motors, Inc. is a corporation existing under the laws of Vermont with its main

place of business in Burlington, Vermont; that on April 18, 1967 it was a party to an insurance contract between itself and Firemen's Insurance Company [Policy #CBP 50399] and that a part of said contract covered liability arising from the use and operation of automobiles in the business in which Al-Martin Motors was engaged.

3. The Court finds the following to be provisions contained in the policy: CBP 500A;

"Comprehensive Automobile Liability

Declarations

1. The insurance afforded under this endorsement is only with respect to such and so many of the following coverages as are indicated by a limit of liability. The limit of the company's liability against each such coverage shall be as stated herein, subject to all the terms of this endorsement having reference thereto.

| Coverages | Limits of Liability |
|---|---|
| A.  Bodily Injury Liability | $25,000. each person<br>$50,000. each accident" |

CBP 506

"Garage Liability

It is agreed that such insurance as is afforded by Part V of the policy for Bodily Injury Liability and for Property Damage Liability applies to the hazards defined below, subject to the following provisions:

A.  Hazards Defined

Garage Operations Hazard

The ownership, maintenance or use of the premises for the purposes of a garage and all operations necessary or incidental thereto, hereinafter called "garage operations", including the

Automobile Hazard

(a) the ownership, maintenance or use of any automobile for the purpose of garage operations, and the occasional use for other business purposes and the use for non-business purposes of any automobiles owned by or in charge of the named insured and used principally in garage operations;

(b) the ownership, maintenance or use of any automobile owned by the named insured in connection with garage operations while furnished for the use of (i) the named insured, a partner therein, an executive officer thereof or, if a resident of the same household, the spouse of any of them, or (ii) any other person or organization to whom the named insured furnishes automobiles for their regular use."

CBP 529

"In consideration of the reduced rate of premium made applicable to the insurance for the Garage Operations Hazard, it is agreed that Endorsement No. CBP 506 is amended as follows:

1. Paragraph 3 of "Persons Insured" is amended to read as follows, and Paragraphs 4 and 5 below are added, all subject to exceptions (i) (ii) (iii) and (iv) as set forth in Endorsement No. CBP 506.

(4) With respect to an automobile to which the insurance applies under paragraph (b) of the Automobile Hazard, any person while using such automobile with the permission of the person or organization to whom such automobile is furnished, provided such person's actual operation or (if he is not operating) his other actual use thereof is within the scope of such permission;"

———◇———

4. The Court finds that Richard Buchheim had an insurance contract with Insurance Company of North America, #NAM 65 46 21, which was an auto liability policy.

5. The Court finds that Al-Martin Motors, Inc. is an auto dealer also engaged in the repair of automobiles and that on or about March 25, 1966, Al Martin, president of Al-Martin Motors, agreed to repair a 1960 Alfa Guilietta then owned by Richard Buchheim. One week later, after Mr. Buchheim's Spring recess from the University of Vermont terminated, he returned to Al-Martin Motors and learned that the repairs on his car had not been completed. Mr. Buchheim told Mr. Martin that he was getting married soon and had no way to get around town since his car was still in Al-Martin's shop. Mr. Martin then loaned him a 1960 Dodge sedan and according to Mr. Buchheim there were no restrictions placed on his use of the car and no definite time was agreed upon for its return. On Friday, April 15, 1966, Richard Buchheim went to see Mr. Martin and offered to return the car for the weekend inasmuch as Buchheim was returning home and was aware that there was another party interested in using it during the weekend. Mr. Martin assured Mr. Buchheim that was unnecessary. Mr. Buchheim then told Mr. Martin that the car would be available if he needed it and how Mr. Martin could obtain it. When Mr. Buchheim returned to Burlington after the weekend, he used the car to pick up his fiancée. On the way, he struck and ran down Mr. John C. McGrath, injuring him. On April 18, 1966 Mr. Buchheim returned the car to Mr. Martin and terminated his use of that or any other car owned by Al-Martin Motors. On June 30, 1966, Mr. Buchheim finally received his own car from Al-Martin Motors.

## CONCLUSIONS OF LAW

■ 1. This Court concludes that Richard Buchheim was furnished a 1960 Dodge sedan by Al-Martin Motors for his regular use. The term "regular use" has two dimensions to it when used in the context of the policy. It means either "steady use" as opposed to "occasional use" in a time dimension, or "unrestricted use" as opposed to "special use" in a purpose dimension. The Court finds that the evidence amply supports the conclusion that Richard Buchheim was given

continuous possession of the car for a long period of time and that there was no restriction placed on his use of it.

■ 2. The Court concludes that under the terms of the insurance contract between Al-Martin Motors and Firemen's Insurance Company that Richard Buchheim was an insured within the terms of the policy and coverage was afforded him in the amount of the face limits of the policy; to wit $25,000 dollars for each person injured under "Bodily Injury Liability." The Court relies on two sections of the policy for its conclusion. Endorsement CBP 529 "(4) provides that persons referred to in CBP 506 under paragraph (b) of the Automobile Hazard are insureds within the coverage of the policy if they are using the automobile with the permission of Al-Martin Motors and within the scope of that permission. Endorsement CBP 506 in paragraph (b) of the Automobile Hazard provides coverage for liability arising from the " * * * use of any automobile owned by the named insured in connection with garage operation * * * while furnished for the use of * * * (ii) any other person or organization to whom the named insured furnished automobiles for their regular use." The Court interprets these sections to require that Richard Buchheim have been furnished the 1960 Dodge sedan for his regular use and that such be with the permission of Al-Martin Motors, Inc. The Court concludes that the evidence amply supports the fulfillment of these conditions.

## JUDGMENT ORDER

The Court hereby orders the Firemen's Insurance Company, a New Jersey corporation, to defend Richard Buchheim in an action brought against him in this Court by Rosalie E. McGrath, Administratrix of the Estate of John C. McGrath, to the limits of auto liability stated in the insurance contract between Al-Martin Motors, Inc. and Firemen's Insurance Company, Policy number CBP 50399.