OBERDIER ET AL., APPELLEES, *v.* KENNEDY FORD, INC., ET AL., APPELLEES; AUTO OWNERS INS. CO., APPELLANT.

(No. 349—Decided August 12, 1970.)

*Messrs. Coleman & McKinley* and *Mr. Gary F. McKinley,* for plaintiffs-appellees.

*Messrs. Grigsby & Allen* and *Mr. Joseph Grigsby,* for defendants-appellees Kennedy Ford, Inc., and Buckeye Union Casualty Insurance Company.

*Messrs. Conkle & Stuckey* and *Mr. Louis B. Conkle,* for defendant-appellee The National City Bank of Marion.

*Messrs. Crabbe, Newlon, Bilger, Brown & Jones* and *Mr. Charles E. Brown,* for defendant-appellees Charles O. Shearer and American State Insurance Company.

*Messrs. Wiles, Doucher, Tressler & Martin* and *Mr. Ted L. Earl,* for appellant.

YOUNGER, J. The plaintiffs, appellees herein, J. Donald Oberdier and Lois Oberdier, being the owners of an automobile, had liability and collision insurance for it with

the appellant, Auto Owners Insurance Company, which was in effect from February 10, 1966, to August 10, 1966. Their daughter Cheryl, an adult living at home with them, decided to purchase an automobile for herself. Lois Oberdier, the mother, telephoned the defendant, Charles Shearer, the agent of Auto Owners Insurance Company in Richwood, and asked him whether their daughter would be covered by their Auto Owners Insurance policy while she was driving or trying out other automobiles with a view of purchasing one for herself. She was told that her daughter would be covered by such policy while driving her father's automobile and while trying out other automobiles with the view of purchasing one herself. The insurance policy in question contained a ''Drive Other Cars'' provision which provided that: ''(a) The assured shall be, as follows:

''(1) The first named assured, if an individual, and the spouse of such individual if a resident of the same household.

''(2) A relative of either residing in the same household and not owning any automobile provided the use of such other automobile is with the permission of the owner.''

The daughter, Cheryl, on May 12, 1966, signed a purchase agreement with the defendant, Kennedy Ford, for a Mercury Meteor automobile and on May 13th gave Kennedy Ford a note also signed by her father, J. Donald Oberdier. She also signed an application for title and the car was delivered to her at her place of employment at 7:30 p. m., on May 13th. The car was equipped with 10-day license cards. At 8:50 p. m. that same night, just one hour and twenty minutes after its delivery, Cheryl had a collision with a car operated by defendant Ted Allen Bird, and owned by defendant Aulti Bird, at LaRue in Marion County. Both cars were completely demolished. Kennedy Ford was notified and it sent a wrecker to the scene and returned the Mercury Meteor to its lot. Kennedy Ford negotiated the note to defendant The National City Bank of Marion, but not until after plaintiffs had notified the bank of the accident and damage to the car. Cheryl received a certifi-

cate of title to the automobile on May 16th, three days after the wreck. Defendant Buckeye Union Casualty Insurance Company had a policy of insurance on Kennedy Ford which specifically excluded coverage on a car possession of which had been transferred under an agreement to purchase.

Defendant Aulti Bird has filed an action for damages in the Common Pleas Court of Marion County against the plaintiff Cheryl Oberdier.

The instant action was for a declaratory judgment and the Common Pleas Court below made the appropriate findings and judgment. With respect to the matters pertinent to this appeal—by Auto Owners Insurance Company only— the court held the appellant primarily liable to the plaintiffs by reason of the representations made by its agent, Shearer. It held that the appellant was primarily liable under the collision provisions for the actual cash value of the Mercury Meteor automobile, less deductible amounts, and that it was obligated to defend any action for negligence brought against the plaintiff Cheryl Oberdier, and to pay any judgment rendered against her. It further held defendant Shearer secondarily liable in the above respects.

The appellant, Auto Owners Insurance Company, in its brief in this court, does not argue specifically against its liability under the collision coverage but says:

"The sole issue before this court on appeal is whether the newly purchased automobile of Cheryl Oberdier comes under Paragraph 4. Drive Other Cars of Auto-Owners Insurance Company's policy * * * ."

We shall confine ourselves to that issue.

Insofar as the provisions of the insurance policy set forth above as (a), (1) and (2) are concerned, it is clear that Cheryl Oberdier is covered. She is a relative of the insured individual, being his daughter. She resided in the same household. She did not own any automobile. Since the Mercury Meteor was delivered to her with ten-day license cards by Kennedy Ford she was in possession with Kennedy Ford's permission.

R. C. 4505.04 provides in part:

"No court in any case at law or in equity shall recognize the right, title, claim, or interest of any person in or to

any motor vehicle sold or disposed of, or mortgaged or encumbered, unless evidenced:

"(A) By a certificate of title or a manufacturer's or importer's certificate issued in accordance with Sections 4505.01 to 4505.19, inclusive, of the Revised Code.

"(B) By admission in the pleadings or stipulation of the parties."

Under this statute, Cheryl Oberdier was "not owning any automobile" at the time of the accident.

The appellant argues that Cheryl Oberdier is excluded from coverage by section (b) of its "Drive Other Cars provision." This section reads in part as follows:

"(b) Coverage does not apply: (1) to any automobile owned by or furnished for *regular use* to, the named assured or a member of the household * * * ." (Emphasis added.)

The trial court refused to find that the delivery of the purchased car to Cheryl Oberdier would grant to her regular use, saying there was no evidence introduced on this question. The appellant counters this by arguing that regular use is an inference drawn from the stipulations or admitted facts.

Several Ohio cases have discussed what constitutes regular use which is not covered under "Drive Other Cars" provisions of insurance policies. In *Farm Bureau Mutl. Auto Ins. Co.* v. *Boecher* (1942), 37 Ohio Law Abs. 553, the Second District Court of Appeals held that where a used car salesman had available to him a number of used cars which he could use in driving to and from his home, and although at the time of the accident he was driving a car which he had never driven before, he still had regular use of the automobile and was excluded from his wife's insurance policy under the "Drive Other Cars" provision.

In *Kenney* v. *Employers' Liability Assurance Corp.* (1966), 5 Ohio St. 2d 131, a policeman had used a police motor vehicle for 122 days out of the 164 working days that his family automobile policy had been in force, and it was held as a matter of law that he was excluded from coverage under its "Drive Other Cars" provision.

In *Motorists Mutual Ins. Co.* v. *Sandford* (1966), 8

Ohio App. 2d 259, the Court of Appeals for Washington County held that a boy who had used his father's truck "a very few times" in hauling gravel and hay was not excluded under the same provisions. It was not a regular use. The court held that "regular" is defined as constant, systematic, steady or methodical.

In the instant case, Cheryl signed the purchase agreement on May 12th and the Mercury Meteor was delivered to her on May 13th at 7:30 p. m. This was on Friday night. The certificate of title was issued May 16th, which was on Monday. The car was equipped with 10-day license cards. We hold that the car was not furnished to her for regular use as that term is used in the insurance policy. It was delivered to her for temporary use until her certificate of title for which she had made application could be obtained from the court house. It was for a specific use—to tide her over until the legal requirements were satisfied. It is inconsistent for appellant to claim that this car was turned over for "regular" use when it was equipped with only ten-day license cards. The "Drive Other Cars" provision is a valuable right to a policy holder and is a valuable selling point to the insurer. But the exclusion provision when a car is turned over to the policy holder or a member of his family for "regular" use is included for the express purpose of preventing two cars being in "regular" use when the premium is figured only on one car. It is within the spirit and intention of these policy provisions that occasionally a temporary use of another car will be needed and such temporary use will be covered.

There is a vast difference between the words "regular use" as used in the insurance policy and what might be loosely spoken of as regular use for three days. If an automobile may be in "regular use" for three days, it could also be in "regular use" for fifteen minutes. Each could, in one sense of the word, be called or spoken of as regular use. But this is not the contemplated meaning of the phrase as used in the insurance policy.

We therefore conclude that the Auto Owners Insurance Company is liable under its policy, by virtue of the contractual promises thereof, and not by virtue of any

representations of its agent, to defend the damage action in Marion County; to pay any liability of Cheryl Oberdier determined therein; and to pay the collision loss pertaining to the Mercury Meteor driven by Cheryl Oberdier; and that the judgment of the Common Pleas Court should be modified accordingly, and, as so modified, be affirmed.

Since the advice and representations of appellant's agent, Shearer, were correct under the policy, there is no misrepresentation by him on which to find any secondary liability. However, since he did not file any notice of appeal from the judgment of the trial court, the judgment stands as it relates to him, except as may be the necessary result of the above modifications.

*Judgment accordingly.*

COLE, P. J., and GUERNSEY, J., concur.