Ohio Casualty Insurance Company, Appellee, *v.*
Travelers Indemnity Company et al., Appellants.

(No. 32482—Decided February 14, 1974.)

*Messrs. Hesser, McGraw & Armstrong*, for appellee.
*Messrs. Arter & Hadden* and *Mr. Harry T. Quick*, for appellants.

JACKSON, J. This is an appeal from a declaratory judgment rendered in Cuyahoga County Common Pleas Court in favor of appellee Ohio Casualty Insurance Company and against appellant The Travelers Indemnity Company.

Mrs. Thomas P. Berry took her automobile to Greenwood Auto, Inc. for repairs. Greenwood Auto, Inc. loaned a 1968 Javelin automobile to Mrs. Berry for her use while her own auto was being repaired. Mrs. Berry picked up her repaired automobile from Greenwood Auto on February 2, 1968. At this time Greenwood Auto extended to Mrs. Berry's son, Thomas P. Berry, Jr., permission to use the 1968 Javelin for two more days. No conditions were placed on the use that Thomas P. Berry, Jr. was to make of the Javelin during the two days, February 3rd and 4th, 1968.

On February 4, 1968, Thomas P. Berry, Jr. was driving the 1968 Javelin "loaner," when he was involved in a collision with a car owned by Ben Andrews. The Andrewses filed suit against Thomas P. Berry, Jr., a minor, and Greenwood Auto, Inc. Ohio Casualty Insurance Company insured the Berrys under a family automobile insurance policy. Travelers Indemnity Company insured Greenwood Auto, Inc. under a "garage policy."

Ohio Casualty filed a petition for declaratory judgment requesting that the Common Pleas Court determine the rights, duties and obligations of the various parties under the Berrys' insurance policy with Ohio Casualty and Greenwood Auto's insurance policy with Travelers in regard to the lawsuit filed by the Andrewses. In a judgment filed on December 29, 1972, the court below ordered and decreed:

"1. That the aforesaid policy of Travelers Indemnity Company covers Thomas P. Berry, Jr. for the within described accident;

"2. That Thomas P. Berry, Jr. is an insured under the aforesaid Travelers, policy;

"3. That the defendant, The Travelers Indemnity Company, owes the primary duty to defend defendant, Thomas P. Berry, Jr., in the Andrewses' action;

"4. That Travelers must pay any settlement or judg-

ment recovered against Thomas P. Berry, Jr., in favor of Andrews, arising out of the accident of February 4, 1968, up to the limits of its aforesaid policy;

"5. That the insurance of plaintiff The Ohio Casualty Insurance Company as to Thomas P. Berry, Jr. is excess insurance over Travelers' insurance;

"6. That the plaintiff recover of the defendant, Travelers, its costs herein."

Travelers appeals to this court, assigning one error:

"The trial court erred in holding that Greenwood Auto, Inc. furnished the subject car to Thomas Berry for his regular use."

The insurance contract executed between Travelers and Greenwood Auto contains the following pertinent provisions:

"PROVISIONS APPLICABLE TO SECTION III

"Garage Liability Form

"Part I—Liability

"*Coverage F—Liability*—The Travelers agrees to pay on behalf of the Insured all sums which the Insured shall become legally obligated to pay as damages because of:

Division 1—Bodily Injury Liability—bodily injury or

Division 2—Property Damage Liability—property damage, caused by accident and arising out of the garage operations hazard, including only the automobile hazard for which insurance is afforded as indicated in the declarations; and The Travelers shall have the right and duty to defend any suit against the Insured seeking damages payable under the terms of this policy, even if any of the allegations of the suit are groundless, false or fraudulent; but The Travelers may make such investigation and settlement of any claim or suit as it deems expedient.

*Garage Operations Hazard*—The ownership, maintenance or use of the premises for the purposes of a garage, and all operations necessary or incidental thereto, hereinafter called 'garage operations.'

*Automobile Hazards*—

1. *All automobiles*

"(a) The ownership, maintenance or use of any auto-

mobile for the purpose of garage operations, and the occasional use for other business purposes and the use for non-business purposes of any automobile owned by or in charge of the Named Insured and used principally in garage operations, and

(b) The ownership, maintenance or use of any automobile owned by the Named Insured while furnished for the use of (i) the Named Insured, a partner therein, an executive officer thereof or, if a resident of the same household, the spouse of any of them, or (ii) *any other person or organization to whom the Named Insured furnishes automobiles for their regular use.*'' (Emphasis added.)

The parties concede that the trial court's decision must be affirmed if Greenwood Auto, Inc. furnished the 1968 Javelin to Thomas Berry, Jr. for his "regular use." Consequently, the issue to be resolved is the meaning of the term "regular use" as used in the provisions of the afore-designated Travelers Indemnity contract.

The term "regular use" is susceptible to at least two interpretations. *Hartford Accident and Indemnity Co.* v. *Hiland* (7th Cir. 1965), 349 F. 2d 376. (1) Under a *General Purpose Test,* use is regular if the automobile may be used for any purpose without restrictions. The loaner in the instant case was furnished to Thomas Berry, Jr. for his regular use under this test because Greenwood Auto, Inc. imposed no restrictions on the purposes for which young Berry could use the car. (2) Under a *Time Frequency Test,* use is regular if it is frequent or steady and constant over a substantial period of time. Pursuant to this test the loaner was not furnished for his regular use because he was obligated to return the car in the brief period of two days.

Defendant The Travelers Indemnity Company cites the following four cases for the proposition that Ohio courts have adopted the *Time Frequency Test* of regular use: *Kenny* v. *Employers' Liability Assur. Co.* (1966), 5 Ohio St. 2d 131; *Oberdier* v. *Kennedy Ford, Inc.* (1970), 23 Ohio App. 2d 168; *Motorists Mutual Ins. Co.* v. *Sanford* (1966), 8 Ohio App. 2d 259; and *Grange Mutual Cas. Co.* v. *Clifford* (Hamilton Cty., 1967), 13 Ohio Misc. 12.

Appellee argues that these four cases interpret "regular use" in *family auto insurance policies* and, therefore, have no application to the interpretation of the term "regular use" as provided in The Travelers Indemnity Company *garage policy*. We agree.

"Regular use" is a flexible term to be defined in the context of its use in an insurance contract, and the factual situation presented in each case. There are factual situations where reasonable doubt may arise as to whether an automobile was furnished for "regular use." *Kenny* v. *Employers' Liability Assur. Co., supra* at 134.

Family automobile policies often contain a clause excluding coverage if the insured is injured while driving a car other than his own which is furnished to him for his "regular use." The purpose of the regular use exclusion clause in a family automobile policy is to protect the insurance company from a situation where an insured could purchase just one policy which would cover not only the car owned by the insured, but also any other car regularly used by the insured. *See, e. g., George B. Wallace Co.* v. *State Farm Mut. Auto. Ins. Co.* (1960), 220 Ore. 520, 349 P. 2d 789, 791.

The insurance contract in question is a *garage policy*, not a *family auto policy*. In the garage policy the "regular use" clause is not used as an exclusion which limits coverage as in the family auto policy. Rather, the garage policy *expands* coverage to include the case of an auto owned by the insured and furnished to any other person or organization for their "regular use."

There are apparently no Ohio cases interpreting "regular use" in a garage policy. The four family auto policy cases cited by the appellant are inapplicable because a "regular use" clause is intended to accomplish a different purpose and meet a different factual situation in a garage policy. We are therefore confronted with a case of first impression in the state of Ohio.

After a thorough review of Travelers' garage policy issued to Greenwood Auto, Inc., we have concluded that the clause expanding coverage to include automobiles owned by

the company and furnished to "any other person or organization to whom the named insured furnishes automobiles for their regular use" is ambiguous. In drafting the policy, defendant The Travelers Indemnity Company had the option to specifically exclude from coverage autos loaned to customers of the insured pending repair of the customer's own car, but it did not choose to do so.

"Policies of insurance, which are in language selected by the insurer and which are reasonably open to different interpretations, will be construed most favorably for the insured." *Butcher* v. *Ohio Cas. Ins. Co.* (1962), 174 Ohio St. 144. *See also American Policyholders Ins. Co.* v. *Michota* (1952), 156 Ohio St. 578; *Allstate Ins. Co.* v. *Boggs* (1971), 27 Ohio St. 2d 216.

We do not affirm the judgment of the trial court exclusively on the strength of the maxim of construction requiring ambiguities in a contract to be construed against the author of the contract.

Courts in other jurisdictions have interpreted "regular use" to have an expanded or different meaning in a garage or business policy than the term has in a family auto policy. *See, e. g., Federal Ins. Co.* v. *Prestemon* (1967), 278 Minn. 218, 153 N. W. 2d 429; *Factory Mut. Liab. Ins. Co.* v. *Newark Ins. Co.* (1966), 275 N. Y. S. 2d 1001, 52 Misc. 2d 387; *Buchheim* v. *Firemen's Ins. Co.* (Vt. 1968), 285 F. Supp. 333.

Further, the Travelers' garage policy read as a whole exhibits a general intent to provide insurance coverage for all vehicles used in the business of operating a repair garage. A common and foreseeable practice in such a business is the loaning of cars to customers whose own vehicles are being repaired. An interpretation of "regular use" which provides insurance coverage for automobiles loaned in this manner is consistent with the overall intent of the insurance contract.

We therefore hold that, absent a clause to the contrary, "regular use," as that term is used in a garage insurance policy extending coverage to automobiles owned by the insured and furnished to any other person for his

''regular use,'' includes use which is regular in the sense that the automobile may be used for any purpose without restriction.

The insured's policy provided no restrictions on the use that Thomas P. Berry, Jr. was to make of the loaner supplied him by Greenwood Auto, Inc. The loaner was therefore furnished to the customer for his regular use.

Accordingly, the judgment of the trial court is affirmed.

*Judgment affirmed.*

MANOS, P. J., and KRENZLER, J., concur.