## PENN v. NATIONAL UNION INDEMNITY CO.
### No. 7078.

Circuit Court of Appeals, Fifth Circuit.

Feb. 5, 1934.

Borden Burr, of Birmingham, Ala., for appellant.

Walter S. Brower and Jim C. Smith, both of Birmingham, Ala., for appellee.

Before BRYAN, FOSTER, and HUTCHESON, Circuit Judges.

FOSTER, Circuit Judge.

In this case it appears that appellant brought suit to recover on a policy of liability insurance alleging, in substance, the following material facts. Appellant was injured in a collision between an automobile in which she was riding and a Buick car, not running under its own power, but being towed by a truck owned by the Harris Transfer & Warehouse Company. The Buick was being steered by one W. L. White, an employee of the Harris Company, to whom the truck had been loaned by that company for the purpose of towing his car. She brought suit in a state court, against White and the Harris Company, and recovered final judgment against White alone. The truck was covered by a policy of liability insurance issued by appellee to the Harris Company, and the policy contained the following clause:

"Additional Assureds. The insurance provided in this policy is so extended as to be available in the same manner and under the same provisions as it is available to the named Assured, to any person or persons while riding in or legally operating any of the automobiles described in the declarations. * * * "

Other provisions were that, in the event of the bankruptcy or insolvency of the insured, a direct right of action was given to the injured person under the policy. Appellee filed pleas to the complaint, setting up another provision of the policy as follows:

"F. Other insurance. If the named assured carries other insurance covering concurrently a loss covered by this policy, he shall not recover from the Company a larger proportion of any such loss than the sum hereby insured bears to the whole amount of valid and collectible insurance applicable thereto, and if such other insurance be that of this Company the Named Assured must elect under which policy of the Company all claims arising out of such loss shall be treated and thereafter the Company shall not be liable to the Named Assured in connection with such loss under any other policy. If any Assured other than the Named Assured is covered by valid and collectible insurance against a loss covered hereby, such Assured shall have no right of recovery under this policy."

The pleas further alleged that White had an interest in the Buick car and was covered by a policy of liability insurance issued to him by the New Amsterdam Casualty Company to the extent of $10,000; that the New Amsterdam Casualty Company had defended the suit in the state court, and had paid in the full amount of its liability, of which appellant received $4,850, which was credited on the judgment. Demurrers to the pleas were overruled, and, appellant declining to plead further, the pleas were sustained and the suit dismissed. This appeal followed.

Apparently the form of the policy involved has not been heretofore passed upon by any court. At least we are not advised of any published decision. However, general principles govern. It is elementary that a policy of insurance, if ambiguous, must be construed most strongly against the insurer. There is also the well-settled rule that the

parties are at liberty to make such contract as they please, provided they do not contain clauses prohibited by law or public policy, and the provisions in favor of the insurer are reasonable and just. The policy in suit is plain enough to require no construction. Conceding that White was legally operating the truck, he would have been covered were it not for the fact that he had other insurance. As it is, he was not covered at all by the policy issued to the Harris Company, and appellant has no right of action against appellee.

Affirmed.