74 So.2d 367 (1954)
CONTINENTAL CAS. CO. et al.
v.
WEEKES et al.
Supreme Court of Florida. Special Division B.
July 30, 1954.
Rehearing Denied September 23, 1954.
Earnest, Lewis, Smith & Jones, West Palm Beach, for appellants.
Morrow, Fulton & Sullivan, West Palm Beach, Blackwell, Walker & Gray, Miami, and J. Leo Chapman, West Palm Beach, for appellees.
HOBSON, Justice.
On December 2, 1951 Ralph Parnell, while driving an automobile owned and leased to him by appellant Acme U-Drive-It Service, Inc. (hereinafter "Acme"), was involved in an accident which caused his death and injured others. At that time the two liability insurance policies here in suit were in effect. One was issued by appellant Continental Casualty Company ("Continental") to Acme. There would be no doubt that this policy covered one in Parnell's status were it not for the following language therein contained:
"3 Application of Insurance
* * * * * *
"(b) The insurance does not apply:
* * * * * *
"(4) to any liability for such loss as is covered on a primary, contributory, excess, or any other basis by insurance in another insurance company."
Parnell had liability insurance on his own automobile issued by appellee Aetna Casualty and Surety Company ("Aetna"). This policy covered him, in the usual terms, while he was driving another car, but contained the following proviso:
"15. Other Insurance
"(a) * * * provided, however, the insurance with respect to temporary substitute automobiles under Insuring *368 Agreement IV or other automobiles under Insuring Agreement V shall be excess insurance over any other valid and collectible insurance available to the Insured, either as an Insured under a policy applicable with respect to said automobiles or otherwise."
Reduced to its simplest terms the question before us, which results from the pendency of negligence suits against Parnell's administrator, is whether Continental's policy constitutes "other valid and collectible insurance" within the meaning of the quoted portion of clause 15(a) of the Aetna policy. The trial court, from which a declaratory decree was sought, held that Continental was liable to its policy limits for all sums plaintiffs in the negligence suits might recover, answered the above question in the affirmative and gave no effect to clause 3(b) (4) of Continental's policy.
The parties agree that the case is one of first impression in this jurisdiction. Counsel for appellants state that they have been unable to find any case in point which concerns language similar to clause 3(b) (4) of the Continental policy. They contend, however, that the clause is unambiguous and attaches sole liability to Aetna.
Appellees take the position that the "majority rule" given in 8 Appleman's Insurance Law and Practice, Sec. 4914, applies to this case. This rule is that when the owner of an automobile "has a policy with an omnibus clause, and the additional insured also has a non-ownership policy which provides that it shall only constitute excess coverage over and above any other valid, collectible insurance, the owner's insurer has the primary liability." Without expressing an opinion on this rule, which appears to be well supported by authority, we do not believe that it goes far enough to be helpful in the present case, for it does not take into account the presence of a clause such as 3(b) (4) in Continental's policy. In the cases cited by the appellees there are many where the parties were situated much as they are here, but none where the policy provisions in their overall import have a helpful degree of similarity with those before us. There are several cases where the two policies in suit have identical or substantially identical provisions. We will not discuss these cases, because we could not improve upon the excellent summary given by the court in Oregon Auto Ins. Co. v. United States Fidelity & Guaranty Co., 9 Cir., 195 F.2d 958, and we agree with the statement of that court that "these decisions point in all directions." Id. 195 F.2d at page 959.
It appears that to uphold the decision of the trial court in this case by the application of the "majority rule" above referred to we would be compelled to begin with the arbitrary premise that the owner's insurer (Continental) is primarily liable, and reason therefrom that clause 3(b) (4) in Continental's policy becomes ineffective because it is inconsistent with the primary liability which we have already established. This is an example of the "circular reasoning" condemned in Oregon Auto Ins. Co. v. United States Fidelity & Guaranty Co., supra.
Our search of the authorities has convinced us that only two cases which are sufficiently close in their policy provisions to render them highly persuasive have been decided on the point before us. The cases are Penn v. National Union Indemnity Co., 5 Cir., 68 F.2d 567, and McFarland v. Chicago Express, Inc., 7 Cir., 200 F.2d 5, 6. In each case the liability of the insurer or insurers, if any, arose out of a single set of circumstances, as here, and in each case one of the policies, but not the other, contained language importing that no coverage would exist thereunder if other coverage were provided. The respective courts in both cases gave full effect to this language. The McFarland case is especially persuasive. There the owner of a truck involved in an accident was insured by a company referred to for convenience as "Employers" while the lessee of the truck had a policy issued by "Hartford". The Employers policy contained a clause providing that, if "other valid insurance exists" the policy should be "null and void" except that if the *369 limit of liability of the Employers policy exceeded the limit of liability of "such other valid insurance" the Employers policy would "apply as excess insurance". The "other insurance" provision of the Hartford policy sought to restrict its liability proportionately to the relationship it bore to the "total applicable limit of liability of all valid and collectible insurance against such loss". The question presented was whether the Employers coverage was "valid and collectible insurance" under the terms of the Hartford policy, and the court decided that this in turn depended upon construction of the language employed by the respective insurers. In disposing of this matter the court stated, 200 F.2d at page 8:
"We are unable to agree with the contention of Hartford that the Employers policy constituted `other valid and collectible insurance' within the meaning of the Hartford policy. The `other insurance' provision of the Employers policy expressly provided that if there was `other valid insurance' protecting the insured from such liability the Employers policy should be null and void except that in the event the applicable limit of liability of the Employers policy exceeded the liability of the other valid insurance, then the Employers policy shall apply, but only as `excess insurance.' With these expressed limitations on its liability, the Employers policy did not constitute `other valid and collectible insurance' within the meaning of the Hartford policy."
It will be noted that the language of the Employers policy provided that it should be "null and void" while here the Continental policy states that "this insurance does not apply", but the effect of the two clauses under these facts was the same, and we consider this distinction to be insignificant here. Moreover, the Employers policy provided contingent liability for excess insurance, while Continental's policy does not; therefore, if the Employers policy was not "valid and collectible insurance" within the meaning of the policy of the lessee's insurer, a fortiori Continental's policy is not. As a matter of construction, clause 3(b) (4) of Continental's policy should have been enforced by the trial court, and we so hold.
It remains to consider whether or not this clause is contrary to public policy or to law, Penn v. National Union Indemnity Co., supra, 68 F.2d 567. There is no basis in the record before us for the conclusion that public policy will be violated by the enforcement of clause 3(b) (4), although we cannot and do not hold that this will be true in every case. For aught that appears here, sufficient financial responsibility is provided for the protection of the public, and this is nothing more than a contest between insurance companies. We are referred to no laws which may be violated by the result we have reached, except for Section 37.39 of Chapter 37 of the West Palm Beach City Code. This ordinance, which is no model of clarity, makes it unlawful to allow another to operate an automobile for hire without providing security in the form of a bond, cash, or a liability insurance policy, in a stipulated amount, in favor of any person injured by the negligence of the "certificate holder" or driver. The ordinance plainly intends to protect the public from financial irresponsibility. As we observed at the beginning of this opinion, there is no doubt that Continental's policy would have covered Parnell had it not been for the insurance provided by Aetna, and it is not contended that the Aetna coverage is insufficient in amount to comply with the ordinance. It appears that the coverage contemplated by the ordinance is satisfied and the public protected within its terms.
For the foregoing reasons the case must be reversed and remanded for further proceedings in conformity with this opinion.
THOMAS, Acting Chief Justice, DREW, J., and WISEHEART, Associate Justice, concur.