SHANNON, Judge.
This appeal is from a final decree in a declaratory action, wherein the plaintiff-appellant, a liability insurance carrier, sought a declaration of its rights and liabilities under such a policy as to the defendant-appellees.
Edward B. Sutherland, a Palm Beach County fire chief, was returning to Florida from a school or convention which he had attended as part of his occupational training, upon authorization of the County. Sutherland was driving his own automobile, and was receiving travel allowances from the County. He was involved in an accident in Walnut, Mississippi, as a result of which the occupants of the other car were seriously, injured. They instituted an action in Florida, naming as defendants, Shirley Ross, as Administratrix of Sutherland’s estate, and Palm Beach County.
Insofar as this suit is concerned, Palm Beach County had taken out an automobile liability insurance policy with appellant, which policy contained an “employers’ non-ownership liability” endorsement. Bids for this policy had been let under the express authority of Chapter 27799, Laws of Florida, 1951, which provided, in part, as follows:
“Section 2. Waiver of Immunity. In consideration of the premium at which *821 each policy shall be written, it shall be a part of the policy contract between the insurance company and the County that the company shall not be entitled to the benefit or the defense of governmental immunity of the County by reason of exercising a governmental function in any suit brought against the County. Immunity of the County against liability for damages is waived only to the extent of liability insurance carried by the County.”
The appellant concedes coverage to the County under this policy. However, appellant denies that the policy extended coverage to Sutherland’s administratrix, and also questions the constitutionality of Chapter 27799, Laws of Florida, 1951; thus the reason for this declaratory action.
The insurance policy issued to Palm Beach County includes, in part, the following language:
“Section III — DEFINITION OF ‘ASSURED’
“The unqualified word ‘Assured’ wherever used in Coverages A and B and in other parts of this policy, when applicable to these coverages, includes not only the named'assured, but also any person while using the automobile and any person or organization legally responsible for the use thereof, provided the actual use of the automobile is with the permission of the named assured; or if the named assured is an individual, with the permission of an adult member of his household, who is not a chauffeur or domestic servant. The provisions of this paragraph shall not apply: (a) to any person or organisation with respect to any loss against zvhich he has other valid and collectible inszirance; * * (Emphasis added.)
The record shows that Sutherland had personal insurance on the automobile involved. However, the insurance company issuing that policy is not a party to this suit, and hence nothing we say in this opinion is intended to bind it. The trial court in its final decree held, in part, as follows:
“That the plaintiff, PALM BEACH COUNTY, * * * is the named insured under a policy of insurance issued by the defendant * * * and that the deceased, Edward B. Sutherland, was an additional insured under the said policy; that the said policy, by virtue of the ‘Employers’ Non-Ownership Liability’ and the ‘Comprehensive Liability’ endorsements, which are a part thereof, is applicable to the liability, if any, of the plaintiffs, PALM BEACH COUNTY, and SHIRLEY ROSS, as Administratrix of the Estate of Edward B. Sutherland, deceased, for the accident involving a car driven by Edward B. Sutherland, * *
And the decretal part of the decree provides, in part, as follows:
“ * * * [T]he policy of insurance, * * * is a valid, binding, and existing contract of insurance, insuring the-plaintiffs, PALM BEACH COUNTY, * * * and SHIRLEY ROSS, as Administratrix of the Estate of Edward B. Sutherland, deceased, * * *.
“That the defendant, AUTO-OWNERS INSURANCE COMPANY, a corporation, its agents, employees and attorneys should be and they are hereby permanently enjoined from pleading or otherwise asserting the defense of the governmental immunity of PALM BEACH COUNTY, * *
The appellant’s first point on appeal attacks the lower court’s holding that Sutherland, as an employee of Palm Beach County, was an additional insured under the employer’s automobile liability policy. It is maintained that due to the exclusionary language of the policy, quoted supra, and the fact that Sutherland did have other valid and collectible insurance, Sutherland was not an assured under this policy.
*822 A good deal of law lias been written concerning this and related situations, wherein the courts have been concerned with “other insurance” clauses. Basically, the problem is this: where there are two or more insurance policies concerned, one or more of which contains an “other insurance” clause, what effect is to be given to such clause or clauses? The problem is further complicated by the various forms which these “other insurance” clauses take. An excellent summary of these various forms and the ways in which they conflict is found in Continental Casualty Co. v. Buckeye Union Cas. Co., 1957, Com.Pl., 143 N.E.2d 169, 75 Ohio Law Abst. 79:
“ * * * These seem to fall into three general types: (a) a provision to the effect that in the event of other insurance, the loss shall be borne pro-rata dependent upon the monetary limits of coverage, which will hereafter be referred to as the pro-rata clause; (b) a provision that the policy shall be excess over any other valid and collectible insurance applicable to the liability, hereafter referred to as the excess clause, and (c) a provision that if there is other valid and collectible insurance the policy shall not apply, hereafter referred to as the escape clause. Thus it is apparent that cases of ‘double insurance’ have and will continue to arise involving pro-rata vs. excess, pro-rata vs. escape, excess vs. escape, excess vs. excess and escape vs. escape. Of course, no real problem would arise in pro-rata v. pro-rata.”
The clause in issue herein would fall into the “escape clause” category. See also, 8 Appleman, Ins. L. & P., Sec. 4912. A look at some relevant cases would further clarify the problem.
In Continental Cas. Co. v. Weekes, Fla. 1954, 74 So.2d 367, 46 A.L.R.2d 1159, the exact question that we have was not decided, yet the opinion gives us an insight into the reasoning which our Supreme Court used in deciding a similar question. In that case the Acme U-Drive-It Service, Inc., leased out an automobile which was covered by an insurance policy issued by Continental Casualty Company. The lessee also had automobile liability insurance which covered him while he was driving another car; but his policy had a provision providing that the insurance with respect to temporary substitute automobiles would be “excess” insurance over any other valid and collectible insurance available to the insured. The 'Continental policy issued to Acme had a provision that the insurance did not apply “ * * * to any liability for such loss as is covered on a primary, contributory, excess, or any other basis by insurance in another insurance company.” The parties in the Weekes case agreed that it was one of first impression in this State, but Continental contended that its clause was unambiguous, and that it attached sole liability on the insurance carrier for the lessee. In upholding this contention, Mr. Justice Hobson, for the Florida Supreme Court, held that Continental’s policy was not “other valid and collectible insurance” as defined by the lessee’s policy. Continental’s policy expressly provided that its insurance did not apply if there was excess-insurance in another company, and full-effect was. given to such provision. The court concluded that such a provision was-not contrary to public policy: “ * * * For aught that appears here, sufficient financial responsibility is provided for the protection of the public, and this is nothing more than a contest between insurance-companies. * * * ”
A more pertinent case, and one which we feel controls herein, is Penn v. National Union Indemnity Co., 68 F.2d 567 (5th Cir. 1934). In that case the appellant was injured in a collision between an automobile-in which she was riding and a Buick car which was being towed by a truck owned' by Flarris Transfer & Warehouse Company. Tlie Buick was being steered by W. L. White, an employee of the Harris Company, to whom the truck had been loaned by-that company for the purpose of towing his- *823 car. The appellant brought suit against both White and the Harris Company, but recovered final judgment against White alone. The truck was covered by a policy of liability insurance issued by National Union Indemnity Co., which policy contained a provision that: “If any Assured other than the Named Assured is covered by valid and collectible insurance against a loss covered hereby, such Assured shall have no right of recovery under this policy.” The pleadings in that case alleged that White had an interest in the Buick car and was covered by a policy of insurance issued by New Amsterdam Insurance Company. The trial court held that the clause quoted above relieved the National Union Indemntiy Co. of liability. Affirming, the Fifth Circuit stated:
“Apparently the form of the policy involved has not been heretofore passed upon by any court. At least we are not advised of any published decision. However, general principles govern. It is elementary that a policy of insurance, if ambiguous, must be construed most strongly against the insurer. There is also the well-settled rule that the parties are at liberty to make such contract as they please, provided they do not contain clauses prohibited by law or public policy, and the provisions in favor of the insurer are reasonable and just. The policy in suit is plain enough to require no construction. Conceding that White was legally operating the truck, he would have been covered were it not for the fact that he had other insurance. As it is, he was not covered at all by the policy issued to the Harris Company, and appellant has no right of action against appellee.”
It is in the record, and it is admitted, that the employee herein had valid and collectible insurance. It was stipulated that such was the case. Since, therefore, the liability of the employee’s insurer is not in issue, the following statement from Continental Casualty Co. v. Buckeye Union Cas. Co., supra, though dicta, would seem pertinent : “ * * * The case law is also clear that where the ‘double insurance’ consists of policy A with no ‘Other Insurance’ clause, and policy B with an ‘Other Insurance’ clause, full force and effect is given to such clause.” The subject policy herein would correspond to policy B, and full force and effect should be given to the clause, relieving the appellant of liability as to the employee of the county, Sutherland. We note the following cases which involved similar situations: O’Brien v. Traders and General Insurance Company, La.App.1962, 136 So.2d 852; Fairbault Canning Co. v. Northwestern Nat. Cas. Co., 298 F.2d 58 (7th Cir. 1961); Employer’s Liability Assur. Corp. v. Liberty Mut. I. Co., 1959, Com.Pl., 167 N.E.2d 142; Davy v. Merchants Mut. Cas. Co., 1952, 97 N.H. 236, 85 A.2d 388; Bankers Life Co. v. Union Automobile Indemnity Ass’n., 1945, 326 Ill.App. 83, 61 N.E.2d 577; Employers’ Liability Assur. Corp. v. Accident & Cas. Ins. Co., 134 F.2d 566, 146 A.L.R. 1186 (6th Cir. 1943); Avery v. American Automobile Ins. Co., 1942, 350 Mo. 395, 166 S.W.2d 471; State Farm Mut. Auto Ins. Co. v. Hall, 1942, 292 Ky. 22, 165 S.W.2d 838. For a full discussion of the various results reached in “other insurance” cases, the following cases should also be noted: Citizens Mutual Auto. Ins. Co. v. Liberty Mutual Ins. Co., 273 F.2d 189 (6th Cir. 1959); McFarland v. Chicago Exp., 200 F.2d 5 (7th Cir. 1952); New Amsterdam Cas. Co. v. Hartford Acc. & Indem. Co., 108 F.2d 653 (6th Cir. 1940). Another example of a non-liability clause, containing almost identical language to the instant clause, is American Automobile Ins. Co. v. Penn Mutual Ind. Co., 161 F.2d 62 (3d Cir. 1947).
Relying upon the foregoing authorities, we must reverse the lower court’s holding that the appellant’s insurance policy covers the Estate of Edward B. Sutherland.
The appellant also questions that part of the trial court’s final decree which enjoined Auto-Owners Insurance Company *824 from pleading or otherwise asserting the defense of the governmental immunity of Palm Beach County. This point, however, has no merit. It will be remembered that the appellant was the successful bidder for this policy with Palm Beach County, which transaction was pursuant to 'Chapter 27799, Laws of Florida, 1951. This legislation specifically denied the insurer the right to the defense of governmental immunity. The insurance company submitted the policy subject to this legislation, and consequently did write the same and collect premiums therefor. We feel that the case of Evans v. Hillsborough County, 1938, 135 Fla. 471, 186 So. 193, forecloses the appellants on this point. In that case the Florida Supreme Court quoted from the case of Shepard v. Barron, 1904, 194 U.S. 553, 24 S.Ct. 737, 48 L.Ed. 1115, as follows:
«< ⅜ * * a defense of this nature and upon these facts need not be placed entirely upon the strict and technical principles of an estoppel. While it partakes very strongly of that character, it also assumes the nature of a contract, implied from the facts, by which the party obtaining the benefit of the work agrees to pay for it in the manner provided in the statute under which it is done, even though the statute turn out to be unconstitutional. It does not in the least matter what we may call the defense, whether it be estoppel or implied contract, or one partaking of the nature of both, the result arrived at being that the plaintiffs are told that under all the facts proved in the case they cannot set up the unconstitutionality of the act, or that they are bound by their contract to pay the assessment. Where, as in this case, the work is done and the assessment made at the instance and request of the plaintiffs and the other owners, and pursuant to an act (in form, at least) of the legislature of the state, and in strict compliance with its provisions and with the petition of the land-owners, there is an implied contract arising from such facts that the party at whose request and for whose benefit the work has been done will pay for it in the manner provided for by the act under which the work was done.’ ”
We feel that the judgment of the lower court on this point is correct, and that the-injunction was a proper remedy. We therefore feel that the appellant’s respective-points on this matter have no merit.
Affirmed in part and reversed in part.
SMITH, C. J., and TROWBRIDGE, C. PFEIFFER, Associate Judge, concur.