CARROLL, Judge.
The summary judgment under review, which was entered on a cross-claim, grew out of an automobile accident case. Norman Nussbaum filed an action for damages for personal injuries against Louis Povill, alleged to have caused the plaintiff’s injuries by negligent operation of an automobile. Joined as defendants were Universal Rent-A-Car, the owner-lessor of the automobile driven by Povill, and Pan American Fire and Casualty Company, Universal’s insurer.
The rental company and its said insurer filed a cross-claim against Povill and his insurer Continental Insurance Company, based on the primary liability of the driver Povill. As between the insurers of the defendant driver and the defendant car owner the court held in favor of the latter, stating in the order: “As between the two insurance companies, Continental Insurance Company is the primary insurer and has the primary obligation to pay any recovery of the plaintiff for damages, to the maximum liability of its policy.” Summary judgment was entered accordingly. Other questions in the case relating to liability were not then determined, and later a settlement of plaintiff’s damage claim was effected.
This appeal is by Continental (Povill’s insurer) from the adverse summary judgment and the above quoted ruling of the trial court upon which it was based. On consideration of the record, briefs and arguments we conclude that the challenged ruling and judgment of the trial court were eminently correct, and we affirm on Authority of Continental Cas. Co. v. Weekes, Fla. 1954, 74 So.2d 367, 46 A.L.R. 2d 1159.
The defendant rental car company was insured by a blanket policy issued by Pan American Fire and Casualty Company, for bodily injury liability coverage of $100,000 “each person” and $300,000 “each accident,” and for property damage liability coverage of $50,000 “each accident,” on which policy the annual premium payable by the rental car company was listed at. $25,445.
The rental car company was named in the policy as the primary insured. By certain provisions of the policy the car lessee customers of the car rental company were afforded coverage, if not otherwise insured. They were designated as “Contingent Insured,” defined in the policy as follows :
“Each of the following is a contingent insured under this insurance to the extent set forth below:
“(a) any person or organization using a RENTAL VEHICLE with the permis *45 sion of the owner, BUT ONLY IF SUCH PERSON OR ORGANIZATION HAS NO OTHER AUTOMOBILE LIABILITY INSURANCE AVAILABLE TO HIM WITH LIMITS OF LIABILITY AT LEAST EQUAL TO THE FINANCIAL RESPONSIBILITY LIMITS, whether on a primary, contributory, excess, or any other basis with respect to his use of the rental vehicle.”
Under the heading of “Limits of Liability and Limited Application of this Insurance,” the policy withheld coverage to lessees who were otherwise insured, as follows:
“(a) The limits of the company’s liability under PART ONE of this policy shall be the amount by which the applicable financial responsibility limit exceeds the sum of the limits of liability under all other - automobile liability insurance available to the contingent insured, separately as to bodily injury and property damage, but,
“(b) the insurance under PART ONE of this policy SHALL NOT APPLY TO ANY LOSS WITH RESPECT TO WHICH THE CONTINGENT INSURED IS COVERED BY ANY OTHER AUTOMOBILE LIABILITY INSURANCE, WHETHER ON A PRIMARY, CONTRIBUTORY, EXCESS OR ANY OTHER BASIS, UNLESS the total amount of the loss exceeds the sum of the limits of liability of all other policies, bonds, or plans of self-insurance affording such insurance, and then the company shall be liable, subject to (a) above, only for the excess of the loss above such insurance.”
No public policy is violated by the foregoing provisions of the car rental company’s insurance contract. The public policy for protection of the public from financial irresponsibility is not thereby violated. The rental car company’s policy affords protection to its lessee drivers compatible with legal requirements and public policy intend-ments for car lessee operators not otherwise insured, to or within proper limits. Our task in this case is made easier because of the applicability of the decision of the Supreme Court of Florida in Continental Cas. Co. v. Weekes, supra.
For the reasons stated, the summary judgment entered in favor of the cross-defendant Pan American Fire and Casualty Company is affirmed.