McNULTY, Judge.
Appellee Vanalstine leased a car from appellants, owners of Beach Taxi Car Rental Co. With regard to respective liability in the event of an accident involving the leased vehicle while the rental agreement was in force said agreement provided in pertinent part as follows:
“ . . . In the event of an accident involving any party in the operation of this vehicle, then in the event of liability for such act, the primary liability shall be that of the Renter . . . and any liability of Beach Taxi Car Rental Co. shall be secondary or excess in nature only. All primary liability, investigation, defense of claims and other necessary costs shall be that of the Renter.” (Emphasis supplied)
The agreement also indicated or represented that Beach Taxi owned $100,000.00-$300,000.00 liability insurance coverage.
Vanalstine subsequently had an accident resulting in the instant suit. The suit was settled as to the plaintiff for $41,000, $31,000 of which was paid by Van-alstine’s liability carrier and $10,000 of which was paid by appellants’ carrier. Vanalstine and his carrier now cross-claim against appellants for the full $31,000 paid on the settlement because, they say, Beach Taxi misrepresented its liability coverage. As noted, the rental agreement indicated Beach Taxi had $100,000.00-$300,000.00 coverage but in truth and in fact Beach Taxi had only $10,000.00-$20,000.00 liability coverage. Appellants admit coverage to this lesser extent but contend, notwithstanding, that their liability is secondary only and is limited to excess liability over and above any coverage owned and/or purchased by Vanalstine. We agree. The above-quoted provision of the rental agreement means, clearly and unequivocally, precisely that.[1]
It follows, therefore, assuming actionable misrepresentation, that any damages suffered by Vanalstine or his carrier are limited to an amount over and above the limits of Vanalstine’s liability coverage. The record is absolutely silent as to such coverage even though, as noted, he and his *290 carrier assumed $31,000 of the total settlement with plaintiff. Indeed, if this is probative of anything it tends to prove that Vanalstine was covered at least to that extent. Moreover, the amount of Vanalstine’s coverage is not even pleaded in his cross-claim. A summary judgment for any amount in favor of Vanalstine would therefore be without basis in the record.
Accordingly, the liability of appellants (Beach Taxi Car Rental Co.) being limited to an amount in excess of the limits of liability coverage of Vanalstine, and no such limits of Vanalstine’s coverage having been pleaded or shown, the summary judgment as entered was error. Such judgment is reversed, therefore, and the cause is remanded for further proceedings to determine the amount of Vanalstine’s liability coverage in force and effect at the time of the accident. Upon failure of Vanalstine either to plead or establish such coverage as being less than the amount of his stipulated liability summary judgment should be entered in favor of appellants, their liability being predicated on excess only as we have hereinabove held.
Reversed and remanded.
LILES, A. C. J., and MANN, J., concur.

. Cf., Continental Insurance Company v. Pan American Pire and Casualty Co. (Fla.App.1970), 237 So.2d 43.