306 So.2d 131 (1974)
WORLD RENT-A-CAR, INC., and Chicago Insurance Company, Appellants,
v.
Sherry STAUFFER, f/k/a Sherry L. Spencer et al., Appellees.
No. 74-436.
District Court of Appeal of Florida, Second District.
December 31, 1974.
Rehearing Denied February 4, 1975.
George H. Brown, III, of Brown, Watson, Goldstein & Douglass, St. Petersburg, for appellants.
George A. McKendree, of Miller & McKendree, Tampa, for appellee State Farm.
McNULTY, Chief Judge.
We are here concerned with the effect of two conflicting escape clauses in two automobile liability insurance policies, and in the present posture of the case essentially only the two insurance companies are involved.
The suit arose from an automobile collision involving plaintiff, Sherry Stauffer, and Clarence Maurer, one of the defendants and the alleged tortfeasor who, at the time of the accident, was driving a car leased from appellant World Rent-A-Car, Inc. Maurer owned a liability policy issued by State Farm Mutual on his own private vehicle and appellant Chicago Insurance Company insured World Rent-A-Car. Chicago's policy also covered other persons including drivers of leased vehicles under certain conditions. The trial court granted State Farm's motion for final judgment on the pleadings and dismissed it from the action on the grounds that the policy issued to Maurer denied coverage under the facts here. Chicago and World Rent-A-Car appeal. We reverse.
Since this case involves a "non-coverage" provision in both insurance policies, we begin with an analysis of the relevant language in each. The applicable portions of Maurer's policy from State Farm reads:
"[A]ll coverages are subject to the following:
* * * * * *
(b) The insurance with respect to
* * * * * *
(iii) a non-owned automobile, [the leased car here] owned by any person or organization engaged in the automobile business, shall not *132 apply to any liability or loss against which the insured or the owner of such vehicle has other collectible insurance applicable thereto in whole or in part." (Emphasis ours.)
Additionally, the policy defines "automobile business" as the "business or occupation of ... leasing ... land motor vehicles... ." State Farm contends, therefore, that since World Rent-A-Car has collectible insurance through Chicago its policy to Maurer is of no effect.
In counterpoise, appellant Chicago contends that coverage does not extend to Maurer under its policy either. Its policy to World Rent-A-Car reads in part:
"The term contingent insured [Maurer here] shall mean any person or organization while using a rental vehicle with the permission of the owner, provided his actual operation or (if he is not operating) his other actual use thereof is within the scope of such permission, but:
(a) only if no other valid and collectible insurance, whether primary, excess or contingent, with the limits of liability at least equal to the applicable financial responsibility limit is available to such person... ."
Obviously, each policy attempts to lay it all on the other. The dilemma is, then, whether each provision is to be given full effect or neither. We choose the latter.
Florida cases have not dealt extensively with these "other insurance" clauses, and the few cases we do have are clearly distinguishable. The most significant case is Continental Casualty Co. v. Weekes[1]. In that case one Parnell, insured by Aetna, lease a car from Acme, insured by Continental. In a suit against Parnell by an injured party, ultimately involving both insurance companies, each claimed, as here, that only the other was liable. Continental's policy which covered drivers of rental cars under certain conditions contained the following language:
"(b) The insurance does not apply:
* * * * * *
(4) to any liability for such loss as is covered on a primary, contributory, excess, or any other basis by insurance in another insurance company."
Mr. Parnell's personal policy with Aetna contained the following:
"15. Other Insurance
(a) * * * provided, however, the insurance with respect to temporary substitute automobiles under Insuring Agreement IV or other automobiles under Insuring Agreement V shall be excess insurance over any other valid and collectible insurance available to the Insured, either as an Insured under a policy applicable with respect to said automobiles or otherwise.
In other words, Continental's policy contained an "escape" clause while Aetna's policy afforded limited, or "excess," coverage only.
The Supreme Court held that Continental's "no insurance" or "escape" provision should be given effect since Aetna's policy provided at least some coverage, though it only be excess. Liability was thus placed on Aetna, the tortfeasor's insurer.
The Third District Court of Appeal in Continental Insurance Co. v. Pan American Fire and Casualty Co.[2] followed Weekes in a similar car rental situation. The lessor's policy there, too, contained an "escape" clause; and although the opinion does not indicate the nature of the clause the other insurer (in the same position there as State Farm is here) used, the complete reliance on Weekes necessarily *133 suggests that its policy contained an "excess coverage" clause.
We see, therefore, that these Florida cases have held that in a conflict between an "escape" clause and an "excess coverage" clause, the escape or "no insurance" provision will be enforced. The case before us patently differs, however, in that it involves two escape clauses.
Because of the dearth of Florida law on the precise point, we have looked to other jurisdictions and other authorities.[3] The case found most nearly in point is the Mississippi case of Travelers Indemnity Co. v. Chappell[4]. That case involved a car loaned by an automobile repair center to a customer while repairs were made on her car. The driver-tortfeasor was personally covered by State Farm while driving other temporary substitute automobiles. Her policy contained the identical language to the escape clause in State Farm's policy to Maurer in this case. The policy issued by Travelers to the owner-repair center also contained an escape clause similar though not identical to Chicago's here.
The Mississippi Court perceptively observed:[5]
"It is apparent that if the escape clause available to each of the insurers were literally enforced, both insurers would escape payment and the insured would not have any insurance simply because there are two policies of insurance covering the insured's liability. This thesis extended would mean that, although one pays for liability insurance, he would also have to pay for his own risk liability that occurred as the result of an accident simply because it was discovered that some other company also had insurance covering the same accident."
The majority of the court then copiously reviewed the judicial thinking throughout the United States on the subject and went on to hold that the mutually non-covering "escape" clauses were repugnant and nugatory. Coverage was afforded fully under both policies. We concur.
Accordingly, the judgment appealed from should be, and it is hereby, reversed; and the cause is remanded for further proceedings not inconsistent herewith.
HOBSON and BOARDMAN, JJ., concur.
NOTES
[1] (Fla. 1954), 74 So.2d 367.
[2] (Fla.App.3d, 1970), 237 So.2d 43.
[3] E.g., 16 Couch on Insurance, 2d § 62:84 (1966); Note, 65 Colum.L.Rev. 319 (1965).
[4] (Miss. 1971), 246 So.2d 498.
[5] Id. at 501.