330 So.2d 830 (1976)
DIVERSIFIED SERVICES, INC., d/b/a Sears Rent-a-Car of Miami, Inc., a Florida Corporation, Etc., et al., Appellants,
v.
Elizabeth JACKSON et al., Appellees.
No. 75-682.
District Court of Appeal of Florida, Third District.
April 13, 1976.
Rehearing Denied May 11, 1976.
*831 Sam Daniels, Miami, for appellants.
Spencer & Taylor, Miami, for appellees.
Before HAVERFIELD and NATHAN, JJ., and CHARLES CARROLL (Ret.), Associate Judge.
HAVERFIELD, Judge.
Appellants seek review of a declaratory judgment involving insurance coverage and indemnity.
On November 9, 1972, appellee Anthony Lopez rented a car from the appellant Diversified Services, Inc. to which appellant Pan American Fire & Casualty Company issued an automobile liability insurance policy affording $100/300,000 coverage to Diversified as the primary insured. Part one of the policy offered coverage to renters of the vehicle as contingent insureds with liability limited to "... the amount by which the applicable financial responsibility limit exceeds the sum of the limits of liability under all other automobile liability insurance available to the contingent insured ..." This coverage was not applicable "to any loss with respect to which the contingent insured is covered by any other automobile liability insurance, whether on a primary, contributory, excess or any other basis ..." Further, the total amount of Pan American's liability was limited to $10/20,000, the limits specified in the financial responsibility law. A contingent insured is defined in Pan American's policy as:
"(a) any person or organization using a RENTAL VEHICLE with the permission of the owner, BUT ONLY IF SUCH PERSON OR ORGANIZATION HAS NO OTHER AUTOMOBILE LIABILITY INSURANCE AVAILABLE TO HIM WITH LIMITS OF LIABILITY AT LEAST EQUAL TO THE FINANCIAL RESPONSIBILITY LIMITS, whether on a primary, contributory, excess, or any other basis with respect to his use of the rental vehicle ..."
Lopez owns an automobile which is insured with appellee Allstate Insurance Company. Allstate's policy provides coverage of $100/300,000 which, with respect to a temporary substitute vehicle or a nonowned automobile, shall be excess insurance over any other collectible insurance.
On November 10, the day after he rented the car from Diversified, Lopez was involved in a collision with a car in which Elizabeth Jackson was a passenger. A *832 third vehicle owned and operated by Michael Lavoie was also involved in the accident. As a result, Ms. Jackson filed suit against Diversified, Lopez and Lavoie. A dispute then arose between Diversified, Pan American, Lopez and Allstate regarding who should pay what portion of any judgment recovered by Ms. Jackson. Diversified filed a third party complaint seeking indemnity from Allstate as the insurer of Lopez. Allstate and Lopez in turn filed a third party complaint against Diversified and Pan American and prayed for a declaratory judgment determining that Pan American provided primary coverage up to $100/300,000 for Lopez. A final hearing was held on these third party complaints at which Allstate and Lopez argued that (1) the contingent insured provision in Pan American's policy was contrary to public policy and void; (2) the provisions in this policy that renters only had coverage for the financial responsibility limits ($10/20,000) were also contrary to public policy and void; and (3) Diversified was not entitled to indemnity from Lopez for any amount. Diversified and Pan American conceded that under this court's decision in Executive Rent-a-Car, Inc. v. Uditsky, Fla.App. 1974, 297 So.2d 340, cert. denied, Fla., 310 So.2d 742 the contingent insurance clause was invalid. However, as to arguments two and three above, they contended to the contrary. After the conclusion of the hearing, the trial judge entered final judgment which reads in pertinent part:
"ORDERED, ADJUDGED and JUDICIALLY DECLARED:
"1.) That ANTHONY LOPEZ is an insured under PAN AMERICAN INSURANCE COMPANY'S Policy issued to DIVERSIFIED SERVICES, INC., d/b/a SEARS RENT-A-CAR OF MIAMI, INC. as to the accident of November 10th, 1972 and PAN AMERICAN INSURANCE COMPANY has the primary obligation to defend ANTHONY LOPEZ in connection with the lawsuit brought against him by ELIZABETH JACKSON; and
"2.) PAN AMERICAN INSURANCE COMPANY'S policy providing coverage on November 10th, 1972 to DIVERSIFIED SERVICES, INC., d/b/a SEARS RENT-A-CAR OF MIAMI, INC., constitutes primary coverage to the extent of its limits in the amount of $100,000 per person and $300,000 per accident as to any judgment rendered in favor of the Plaintiff, ELIZABETH JACKSON, with the coverage provided by ALLSTATE INSURANCE COMPANY being excess thereover; and
"3.) DIVERSIFIED SERVICES, INC., d/b/a SEARS RENT-A-CAR OF MIAMI, INC. is barred from seeking indemnity from ANTHONY LOPEZ and the Third-Party Complaint by DIVERSIFIED SERVICES, INC., d/b/a SEARS RENT-A-CAR OF MIAMI, INC. against ALLSTATE INSURANCE COMPANY be and the same is hereby dismissed with prejudice; and"
Appellants Diversified and Pan American contend the trial judge erred in holding that the policy provisions limiting the coverage of authorized users of rental cars to that required by the applicable financial responsibility laws ($10/20,000) were contrary to public policy and void.
In Florida the cases hold that the owner of an automobile is primarily liable for the results of an accident even when the automobile has been loaned or leased. Roth v. Old Republic Insurance Company, Fla. 1972, 269 So.2d 3; Hartford Accident and Indemnity Co. v. Liberty Mutual Insurance Co., Fla. 1973, 277 So.2d 775; Spurgeon v. State Farm Mutual Insurance Co., Fla. App. 1964, 169 So.2d 343; Rouse v. Greyhound Rent-A-Car, Inc., 506 F.2d 410 (5th Cir.1975).
Pan American having provided to Diversified primary insurance coverage with limits of $100/300,000 and Diversified being primarily liable for any money judgment which Eizabeth Jackson may recover as a result of the alleged negligent operation of the automobile by Lopez, it logically *833 follows that the coverage and the $100/300,000 limits of liability under Pan American's policy is extended to Lopez, an authorized user of the rented vehicle.
In addition, as noted above, Diversified and Pan American conceded that the contingent insured clause is invalid and the limitation of coverage to the financial responsibility law contained in the Pan American policy being applicable only to that portion of the policy regarding contingent insureds, we conclude the limitation of coverage is also invalid.
Appellants secondly contend that the trial judge erred in holding Diversified had no right of indemnity. We cannot agree.
Roth v. Old Republic Insurance Company, supra, Fla. 1972, 269 So.2d 3, 6 is dispositive of this issue and we hold that Pan American has no right of indemnity from Lopez, who is an insured protected by its policy even though he may be a tort-feasor. See also Morse Auto Rentals, Inc. v. Lewis, Fla.App. 1964, 161 So.2d 235; Ray v. Earl, Fla.App. 1973, 277 So.2d 73. Thus, this contention lacks merit.
Affirmed.