350 So.2d 353 (1977)
AMERICAN BANKERS INSURANCE COMPANY OF FLORIDA and Olin's Miami Rent a Car, Inc., Appellants,
v.
LEATHERBY INSURANCE COMPANY and Julio Gonzalez, Appellees.
No. 76-2062.
District Court of Appeal of Florida, Second District.
August 31, 1977.
Rehearing Denied September 30, 1977.
*354 Larry D. Goldstein and Peter H. Dubbeld of Brown, Watson, Goldstein & Douglass, St. Petersburg, for appellants.
Dennis E. Dabroski of Lyle, Skipper, Wood & Anderson, St. Petersburg, for appellees.
GRIMES, Judge.
This case involves the question of which insurance carrier is the primary insurer in a rental car situation.
Julio Gonzalez leased a rental vehicle from Olin's Miami Rent A Car, Inc. While driving this car, Gonzalez was involved in a motor vehicle accident. Gonzalez owned an automobile liability policy issued by Leatherby Insurance Company. Olin's had liability insurance coverage with American Bankers Insurance Company of Florida.
The two insurance carriers disagreed over who carried the primary coverage. In a suit for declaratory judgment, the court ruled that Bankers was the primary insurer and Leatherby was the excess insurer. In order to resolve the problem, the provisions of both insurance policies must be carefully analyzed.
Bankers' policy provided liability coverage for Olin's as the primary insured and provided so-called contingent limited coverage for persons other than the primary insured. The definition of a contingent insured is:
"(a) any person or organization using a RENTAL VEHICLE WITH THE PERMISSION OF THE OWNER, BUT ONLY IF SUCH PERSON OR ORGANIZATION HAS NO OTHER AUTOMOBILE LIABILITY INSURANCE AVAILABLE TO HIM WITH LIMITS OF LIABILITY AT LEAST EQUAL TO THE FINANCIAL RESPONSIBILITY LIMITS, whether on a primary, contributory, excess, or any other basis with respect to his use of the rental vehicle."
With respect to contingent limited coverage, the policy stated that the insurance:
"... SHALL NOT APPLY TO ANY LOSS WITH RESPECT TO WHICH THE CONTINGENT INSURED IS COVERED BY ANY OTHER AUTOMOBILE LIABILITY INSURANCE, WHETHER ON A PRIMARY, CONTRIBUTORY, EXCESS OR ANY OTHER BASIS, UNLESS the total amount of *355 the loss exceeds the sum of the limits of liability of all other policies, bonds, or plans or self-insurance affording such insurance, and then the company shall be liable, subject to (a) above, only for the excess of the loss above such insurance."
The policy further provided that the limits of liability under contingent limited coverage was only the amount by which the applicable financial responsibility limit exceeded the sum of the limits of liability under all other automobile liability insurance available to the contingent insured. The automobile rental contract stated that Olin's liability policy would cover the lessee, but only if the lessee had no liability insurance to apply to his use of the vehicle.
The Leatherby policy provided coverage to its insured while driving nonowned or temporary substitute automobiles but stated:
"If the insured has other insurance against a loss covered by Part I of this policy, the Company shall not be liable under this policy for a greater proportion of such loss than the applicable limit of liability stated in the declarations bears to the total applicable limit of liability of all valid and collectible insurance against such loss; provided, however, the insurance with respect to a temporary substitute automobile or non-owned automobile shall be excess insurance over any other valid and collectible insurance."
Thus, with reference to this accident, the Bankers' policy contained what is usually termed an escape or no liability clause and the Leatherby policy included what is generally known as an excess clause. On numerous occasions the courts of our land have been asked to resolve the conflicts between policies containing clauses of these types. In what has sometimes been called the majority rule, many courts have held that the policy with the escape clause is primary because the policy which contains the excess clause is deemed not to provide other collectible coverage. 16 Couch on Insurance 2d § 62:76; Annot., 46 A.L.R.2d 1163 at 1165 (1956). On the other hand, in more recent years a number of courts have held that the insurer whose policy contains an escape clause is absolved from liability. Couch, supra, § 62:75. See cases cited in 46 A.L.R.2d 1163, Later Case Service. Some courts have considered the clauses as mutually repugnant and have required both carriers to contribute on a pro rata basis. E.g., Union Ins. Co. (Mutual) v. Iowa Hardware Mut. Ins. Co., 175 N.W.2d 413 (Iowa 1970).
Florida first approached the problem in Continental Cas. Co. v. Weekes, 74 So.2d 367 (Fla. 1954), a case which the commentators have interpreted as placing Florida in line with the minority view. In that case, the liability insurance carrier for Acme U-Drive-It Service, Inc. contained a provision which would have covered the driver of a leased automobile except for the following provision:
"`3 Application of Insurance
* * * * * *
"`(b) The insurance does not apply:
* * * * * *
"`(4) to any liability for such loss as is covered on a primary, contributory, excess, or any other basis by insurance in another insurance company.'"
The driver of the leased automobile had a liability policy of his own which contained an excess clause similar to the one in the Leatherby policy. Our Supreme Court upheld the position of Acme's insurer and ruled that because of the provision quoted above, Acme's policy did not constitute "other valid and collectible insurance" as specified in the excess clause of the driver's policy.
However, a provision identical to the contingent insured or escape clause of Bankers' policy did not fare so well in Diversified Services, Inc. v. Jackson, 330 So.2d 830 (Fla.3d DCA 1976). As in the instant case, the driver's policy contained the typical excess clause. The court first observed that in its previous decision of Executive Rent-A-Car, Inc. v. Uditsky, 297 So.2d 340 (Fla.3d DCA 1974), the contingent insurance clause had been ruled invalid. The court went on to say that because that clause was invalid, *356 the limitation of coverage to the amount specified by the financial responsibility law was also invalid. Thus, the court held that the car rental agency's insurer had no right of indemnification against the driver or his insurance company.
The Diversified Services case seems to be directly on point but by the same token appears to conflict with the Weekes decision which is not mentioned in the opinion. It is true that the Supreme Court in Weekes left open the possibility that a contingent insurance clause could under some circumstances be invalid by stating:
"It remains to consider whether or not this clause is contrary to public policy or to law, Penn v. National Union Indemnity Co., supra, [5 Civ.], 68 F.2d 567. There is no basis in the record before us for the conclusion that public policy will be violated by the enforcement of clause 3(b)(4), although we cannot and do not hold that this will be true in every case... ."
However, as between insurers, no particular reason comes to mind why such a clause would be invalid. The travelling public will not be left unprotected because the car will be insured for at least the limits required under the financial responsibility law. Since the Uditsky case was a per curiam decision without opinion, we do not have the benefit of our sister court's reasoning in this regard. However, we note in passing that in an earlier decision the same court specifically held that a contingent insured provision like the one in the instant case was not against public policy. Continental Ins. Co. v. Pan American Fire & Cas. Co., 237 So.2d 43 (Fla.3d DCA 1970).
In our judgment the rationale of the Weekes case still controls. Thus, we reaffirm our previous observation in World Rent-A-Car v. Stauffer, 306 So.2d 131 (Fla.2d DCA 1974), that in Florida where a conflict exists between an escape clause and an excess clause, the escape clause will be enforced.
Our conclusion is fortified by the recent opinion of the Supreme Court in Insurance Company of North America v. Avis Rent-A-Car System, Inc., 348 So.2d 1149 (Opinion filed May 12, 1977), in which the right to freedom of contract between lessors and lessees of motor vehicles concerning liability insurance was upheld so long as the public policy of the state with respect to financial protection from motor vehicle accidents was not impugned. The court stated that it saw nothing in the public policy of the state "which would prohibit an owner from insuring only itself against economic loss in excess of statutory minimums and the amounts available to others." The court rejected the argument that rental fees paid to a car rental company pass on the cost of the insurance purchased by the owner so that it would be unfair for the lessee not to have coverage coextensive with that provided the owner under its policy.
Our holding does no violence to Roth v. Old Republic Insurance Company, 269 So.2d 3 (Fla. 1972), because in Roth there was no escape clause in the car rental company's insurance policy. As pointed out in Insurance Company of North America v. Avis Rent-A-Car System, Inc., supra, the insurance coverage provided to the lessee in Roth by the owner's carrier as part of the rental contract was greater than the loss for which the owner was held responsible. In essence, once it was determined in Roth that the driver was an insured within the definition of the insured (the omnibus clause) in the rental car agency's policy, the agency's carrier was not entitled to seek indemnification from the driver even though he was the active tortfeasor. In the instant case, Gonzalez is not an insured under the Bankers' policy because of the contingent insurance clause and the fact that he had a policy of his own.
In view of our conclusion, we would ordinarily direct the trial court to enter a judgment for the appellants. However, there is one aspect of the case which suggests that we proceed with caution. There is a portion of the rental contract which indicates that Gonzalez elected to obtain "Olin's Travelers' Protection" for a premium of $1 per day. The contract indicates that Olin's Travelers' Protection is described *357 in a certificate of insurance, but this certificate is not included in the record which has been filed in our court. We suspect that Olin's Travelers' Protection involves life insurance since there is a space furnished for the insured to designate a beneficiary, but if it happened that Olin's Travelers' Protection also provided liability insurance, the provisions of the certificate of insurance could affect the ultimate disposition of this case.
Accordingly, the judgment is reversed and the case is remanded for further proceedings consistent with this opinion.
BOARDMAN, C.J., and OTT, J., concur.

ON PETITION FOR REHEARING
The appellees call to our attention (for the first time) that because the Leatherby policy covering Gonzalez was issued pursuant to the laws of New York, its limits of $10,000/$20,000 are below the finanical responsibility requirements of Florida in effect at the time of the accident. Since the accident occurred in Florida, this brings into play the following provision of the Bankers policy:
"(a) The limits of the company's liability under PART ONE of this policy shall be the amount by which the applicable financial responsibility limit exceeds the sum of the limits of liability under all other automobile liability insurance available to the contingent insured, separately as to bodily injury and property damage, ..."
Thus, our opinion is hereby modified to the extent that the Leatherby policy is deemed to provide primary coverage to Gonzalez up to the policy limits with the Bankers policy covering him against such liability as he may have in excess of the Leatherby limits up to $15,000/$30,000, which are the applicable limits under the Florida Financial Responsibility Law.
Otherwise, the petition for rehearing is denied.
BOARDMAN, C.J., and OTT, J., concur.