McCORD, Chief Judge.
Appellant, State Farm Mutual Automobile Insurance Company, hereafter referred to as State Farm, brought an action for declaratory judgment in the trial court to determine its rights under a policy of insurance it had issued to Thomas E. Witmyer providing insurance for Witmyer’s automobile. Witmyer’s vehicle subsequently became inoperative, and while repairs were being made to it, he was furnished a temporary substitute vehicle by Wayne Gowin Dodge, Inc. Witmyer’s State Farm policy covered the temporary substitute vehicle. The substitute vehicle was also covered by a policy of insurance issued to Wayne Gowin Dodge by Universal Underwriters Insurance Company, hereinafter referred to as Universal. On December 17,1974 (both the State Farm and Universal policies being in effect at that time), Witmyer, driving the temporary vehicle, struck a vehicle in which Juanita Evans was riding as a passenger. As a result of the accident, Evans was injured and filed suit for damages against Wayne Gowin Dodge, Witmyer, and Universal.
The declaratory judgment action instituted by State Farm sought determination of its liability, if any, to Evans under the policy it had issued to Witmyer. That policy provided bodily injury liability up to $10,000 per person. The Universal policy issued to Wayne Gowin Dodge had bodily injury liability limits of $100,000 per person but such limits were only applicable to any partner, paid employee, director, or stockholder of the named insured and certain others under certain conditions not applicable here. As to other persons using the automobile, the bodily injury liability limits were reduced to the minimum limit of liability specified in the Financial Responsibility Law of the state in which the accident occurred. Thus, the Universal policy limit applicable to Evans was in the same amount of that applicable under the State Farm policy — $10,000.
The policy of each insurer contains mutually repugnant escape clauses. The trial court ruled and the parties agree that because the escape clauses are mutually repugnant, they are not applicable. See World Rent-A-Car, Inc. v. Stauffer, 306 So.2d 131 (Fla. 2 DCA 1974). The trial court ruled that the two insurance companies would share liability equally up to the $20,000 total coverage of the two policies. By so ruling, the court necessarily ruled that the coverage of Evans under the Universal policy was limited to $10,000. Appellant contends the limitation is invalid but we agree with the trial court’s imposition of that limitation. See Insurance Company of North America v. Avis Rent-A-Car, 348 So.2d 1149 (Fla.1977), and Diversified Services, Inc. v. Jackson, 348 So.2d 1155 (Fla. 1977).
We disagree with the trial court’s ruling that the two insurance companies should share the damages equally. Where *780 there is double or overlapping insurance coverage, the owner’s insurer is primarily liable for damages to a third party injured as a result of negligence of the driver of the insured vehicle. Here State Farm is liable for damages awarded to Evans only when the coverage of Universal’s policy has been exhausted. See Roth v. Old Republic Insurance Company, 269 So.2d 3 (Fla.1972), and Rouse v. Greyhound Rent-A-Car, Inc., 506 F.2d 410 (5th Cir. 1975).
Affirmed in part and reversed in part.
BOYER, J., and McLANE, RALPH M., Associate Judge, concur.