KEHOE, Judge,
concurring specially.
I concur with the decision of the majority in this case, except I would affirm based upon the authority of the following cases as they relate to the question of coverage under insurance policies which contain identical and mutually repugnant excess insurance clauses. I note that this is not a ease involving the question of indemnity. See Rouse v. Greyhound Rent-A-Car, Inc., 506 F.2d 410 (5th Cir. 1975) (construing Florida law); Consolidated Systems, Inc. v. Allstate Insurance Co., 411 F.2d 157 (5th Cir. 1969) (construing Florida law); Motor Vehicle Casualty Co. v. Atlantic National Insurance Co., 374 F.2d 601 (5th Cir. 1967) (construing Florida law); Continental Casualty Co. v. St. Paul Mercury Fire & Marine Insurance Co., 163 F.Supp. 325 (S.D.Fla.1958); National Indemnity Co. v. The Home Insurance Co., 345 So.2d 1077 (Fla. 3d DCA 1977); World Rent-A-Car v. Stauffer, 306 So.2d 131 (Fla. 2d DCA 1974), and Hartford Accident & Indemnity Company, Inc. v. Liberty Mutual Insurance Company, Inc., 277 So.2d 775 (Fla.1973). But see State Farm Mutual Automobile Insurance Co. v. Universal Underwriters Insurance Co., 365 So.2d 778 (Fla. 1st DCA 1978). See generally Annot., 69 A.L.R.2d 1122 (1960); and 18A Fla.Jur., Insurance § 941 (1971).