PER CURIAM.
Hialeah Race Course, Inc. lent a crane truck to Calder Race Course, Inc. While the truck was being used by Calder it struck a bridge owned by the State of Florida. Hialeah was insured by Consolidated Mutual Insurance Company, now represented by Florida Insurance Guaranty Association, Inc. (FIGA) and Calder was insured by Travelers Insurance Company. As a result of the damage to the bridge, the State filed suit against Hialeah, Calder, and their respective insurers. Thereupon, Hialeah and Consolidated filed a crossclaim against Calder and Travelers, seeking indemnity. Calder and Travelers crossclaimed, seeking recovery against Hialeah and its insurance carrier as the owner of the vehicle and the party primarily liable. Summary judgment was entered in favor of the State against Hialeah, Calder and their insurers. Hialeah and Consolidated defended against Calder’s crossclaim, urging that primary responsibility for the accident was Calder’s and its employee and that, between Calder and Hialeah, Calder should bear the loss. The trial court, on stipulated facts at the time *216 the cause came on for hearing non-jury, entered a summary judgment for Hialeah. We affirm.
While it appears that both policies insured the vehicle and the driver,[1] in fact they do not. The policy issued by Consolidated contains an escape clause,[2] whereas Travelers’ policy contains an excess clause.[3] In Florida, where a conflict exists between an escape clause and an excess clause, the escape clause will be enforced. Continental Cas. Co. v. Weeks, 74 So.2d 367 (Fla.1954); World Rent-A-Car v. Stauffer, 306 So.2d 131 (Fla.2d DCA 1974); American Bankers Insurance Company of Florida v. Leatherby Insurance Company, 350 So.2d 353 (Fla.2d DCA 1977); adopted Leatherby Insurance Company v. American Bankers Insurance Company of Florida, 371 So.2d 488 (Fla.1979).
Therefore, we affirm the summary judgment here under review.
Affirmed.

.Consolidated’s policy of insurance defines an insured person as:
ll(e)(ii) Any other person while operating with the permission of the named insured any such equipment registered in the name of the named insured and any person or organization legally responsible for such operation, but only if there is no other valid and collectible insurance available, either on a primary or excess basis, to such person or organization.
Travelers’ policy of insurance states as follows:
3. Definition of Insured-Each of the following is an Insured under this Section to the extent set forth below:
(a) Under Coverages F and G.
(3) any other person while using an owned automobile or a hired automobile with the permission of the Named Insured, provided his actual operation or (if he is not operating) his other actual use thereof is within the scope of such permission, but with respect to bodily injury or property damage arising out of the loading or unloading thereof, such other person shall be an insured only if he is:
(ii) An employee of the Named Insured or such lessee or borrower.

. See footnote [1].

. General Conditions.
4(b) If the Insured has other insurance against a loss covered by this policy, the Travelers shall not be liable under this policy for a greater proportion of such loss than the applicable limit of liability stated in the declarations bears to the total applicable liability of all valid and collectible insurance against such loss, provided the insurance under Section III with respect to any temporary substitute automobile, any hired automobile insured on a cost of hire basis or any non-owned automobile and the insurance under division two of Coverage H shall be excess insurance over any other valid and collectible insurance.