478 So.2d 363 (1985)
The TRAVELERS INSURANCE COMPANY, Appellant,
v.
LEXINGTON INSURANCE COMPANY, Appellee.
No. 84-1465.
District Court of Appeal of Florida, Fifth District.
October 3, 1985.
Rehearing Denied November 12, 1985.
*364 W. David Rogers, Jr. and Jeffrey O. Saufley of Rogers, Dowling & Bos, Orlando, for appellant.
Marcia K. Lippincott, and Roy B. Dalton, Jr., of Hurt, Parrish & Dalton, P.A., Orlando, for appellee.
DAUKSCH, Judge.
This is an appeal from a declaratory judgment in an insurance coverage dispute. While we doubt that such a situation as this will occur again we write in order to try to prevent it.
Travelers wrote a policy for the insured which contains two mutually repugnant clauses; one an "excess" clause and the other an "escape" clause. The excess clause reads:
5. Other Insurance: This insurance is primary with respect to any other liability insurance available to the insured if such other insurance purchased and issued to the named insured specifically to apply in excess hereof. This insurance shall apply in excess of all other liability insurance available to the insured, and in excess of all property insurance available to the named insured, and then shall apply only in the amount by which the applicable limit of liability of this policy exceeds the sum of the applicable limits of liability of all such other insurance, including any deductible provisions thereof.
The escape clause reads:
This insurance does not apply:
P. To any injury or damage to the extent that the insured has available any other valid and collectible insurance, whether on a primary, excess or contingent basis or otherwise, unless purchased by the named insured specifically to apply in excess of this policy.
As can be seen, the excess clause says that the coverage is only for losses in excess of coverage of any other policy. It assumes the existence of such other insurance and says it covers only that part of the loss which is greater than the coverage in the other insurance. As also can be seen, the escape clause relieves the insurer of any liability because it excludes coverage if the insured has other insurance. So, the policy says the company will pay any amount of the loss over other coverage but if there is other coverage it will not pay. Did the Queen of Hearts write this for Alice?
Lexington wrote a policy which had only an excess clause:
8. Other Insurance: Other insurance permitted without notice until required, and it is agreed that, in event of there being specific or other insurance, whether prior or subsequent hereto in date and by whomsoever effected, directly or indirectly covering the property insured hereunder, then such other insurance shall first apply and this policy shall not be considered as contributing with such other insurance, but shall pay only the *365 difference between the amount recoverable under such other insurance and the amount of any loss covered hereunder, not exceeding the limit of liability stated herein.
In Florida, where two insurance policies contain excess insurance clauses the clauses are deemed mutually repugnant and both insurers become primary and share the loss on a pro rata basis in accordance with their policy limits. Consolidated Systems, Inc. v. Allstate Insurance Co., 411 F.2d 157 (5th Cir.1969); Rouse v. Greyhound Rent-a-Car, Inc., 506 F.2d 410 (5th Cir.1975) (applying Florida law). See also, Fla.Jur.2d Insurance, § 945; Annot. 69 A.L.R.2d 1122. Similarly, where two competing policies contain escape clauses they are deemed repugnant and nugatory and coverage will be fully afforded under both policies. World Rent-a-Car, Inc. v. Stauffer, 306 So.2d 131 (Fla.2d DCA 1974); cert. den., 321 So.2d 557 (Fla. 1975). Fla.Jur.2d Insurance, § 945. However, in those situations where an escape clause (no liability clause) competes with an excess clause in an opposing policy, the escape clause will be enforced. Continental Casualty Co. v. Weekes, 74 So.2d 367 (Fla. 1954); American Bankers Insurance Co. v. Leatherby Insurance Co., 350 So.2d 353 (Fla.2d DCA 1977) adopted by Florida Supreme Court in Leatherby Insurance Co. v. American Bankers Insurance Co., 371 So.2d 488 (Fla. 1979). See also Fla.Jur.2d Insurance, § 945; Annot. 46 A.L.R.2d 1163. But see United States Fidelity & Guaranty Co. v. Liberty Mutual Insurance Co., 327 F. Supp. 462 (M.D.Pa. 1971) holding that an escape clause and excess clause are mutually repugnant and should be disregarded and loss should be distributed pro rata.
Appellant/Travelers submits that because its policy contains both an excess and escape clause, while the Lexington policy only contains an excess clause, the excess clauses in each policy should cancel each other out thereby leaving its escape clause controlling. Further, Travelers argues that because its escape clause is listed under exclusions and both excess clauses are listed under conditions, the exclusion should control the conditions. Appellant's arguments are not compelling.
We reject appellant's argument on two grounds. One, because we cannot stand for such gamesmanship. Two, because equity, fairness and prior case law compel a ruling that inconsistent contractual provisions cancel each other and two excess carriers for one insured share the loss.
We agree with the trial judge that the carriers shall be responsible on a pro rata basis in accordance with their respective coverages.
AFFIRMED.
COBB, C.J., and SHARP, J., concur.